**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 20, 2016

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re: United States v. Christian Gaton
      02 Cr. 401 (KMW)

Dear Judge Wood:

   The defendant in the above-referenced matter has made a motion for a sentencing reduction pursuant to Title 18, United States Code, Section 3582(c) based on recent amendments to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") that have the effect in most instances of lowering the Guidelines offense level for a specified quantity of narcotics by two levels. As of November 1, 2014, the Sentencing Commission has expressly made this reduction retroactive, meaning that a previously sentenced defendant whose Guidelines range would have been lower had the existing amendments been in place at the time of his sentencing may ask the Court to reduce his or her sentence, subject to various binding restrictions and disqualifications imposed by the Sentencing Commission.

   Pursuant to guidance issued by Chief Judge Preska to the Board of Judges on October 16, 2014, we understand that the United States Probation Office (the "Probation Office") will be preparing supplemental reports in which it will (i) state its conclusion as to whether the defendant legally qualifies for a reduction, (ii) identify the legally permissible extent of any reduction, and (iii) report facts that would be relevant to the Court's exercise of its discretion in granting or denying a sentencing reduction. The Probation Office has not yet issued such a supplemental report in this case.

   In most instances, it is relatively simple to determine the earliest possible date on which a defendant could be released if granted a reduced sentence, because the Sentencing Commission has mandated that (i) no defendant may be released prior to November 1, 2015, and (ii) no defendant (other than one who previously received a downward departure for substantial assistance) may have his sentence reduced below the bottom of his amended Guidelines range. Taking this into account, we understand that the Probation Office prioritized its work by actively working on reports for defendants potentially eligible for release at the end of 2015 in the first

January 20, 2016
Page 2

instance.  For those defendants not eligible to be released until 2017 or later, the Probation Office expects to produce reports 24 months prior to the earliest potential release date.

To the extent the Court seeks to address the defendant's application prior to that time, the Government respectfully requests the Court to direct the Probation Office to prepare a supplemental report sooner.   Once the Government has received the Probation Office's supplemental report, the Government will promptly set forth its position as to whether: (1) the defendant is eligible for a reduction in sentence based on the Guidelines amendments; and (2) assuming the defendant is eligible, whether the Government has any objection to the reduction in sentence.

For the Court's convenience and in advance of submitting its position on the merits of the instant defendant's case, the Government sets forth below the legal principles that govern Section 3582(c) motions, in general, and motions based on the Commission's latest amendments, in particular.

Section 3582(c) provides that a district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  Section 3582(c)(2) provides, however, for an exception that permits a district court to reduce a sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In order for a reduction to be "consistent with" applicable Commission policy statements, the Commission must have expressly stated that the Guidelines amendment at issue will apply retroactively. *See, e.g.*, *United States* v. *Perez*, 129 F.3d 255, 259 (2d Cir. 1997).

In its recent Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels.  This amendment affects not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See, e.g.*, U.S.S.G. § 2D1.5 (CCE); U.S.S.G. § 2S1.1(a) (money laundering).  In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

The process for considering a Section 3582(c) motion is well established.  As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon* v. *United States*, 560 U.S. 817, 825 (2010).  Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827.  As to whether the defendant is *eligible* for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in

January 20, 2016
Page 3

effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)).  If, for any of a number of reasons, the amendment – here, the amendment to Section 2D1.1's Drug Quantity Table – would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing (for example, where the defendant was sentenced as a career offender, or where the bottom of the range was established by a statutory mandatory minimum sentence), then the defendant is not eligible for a sentencing reduction.  *See* U.S.S.G. § 1B1.10(a)(2)(B).  ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")

Similarly, as to the *extent* of any possible sentencing reduction, "[c]ourts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal quotation marks omitted).  Although at one time there was ambiguity over whether a court might reduce a defendant's sentence to something less than the minimum of the amended Guidelines range if the defendant had originally received a departure or variance below his original Guidelines range, the Commission has now made clear that even where a defendant originally received a below-Guidelines sentence, he nonetheless may not have his sentence reduced to one that is below the new, amended range, with the sole exception being a defendant who previously received a departure based on substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"); *United States* v. *Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that current version of Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

January 20, 2016
Page 4

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  This decision is committed to the Court's discretion. *See United States* v. *Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: /s/ Elizabeth A. Hanft
Elizabeth A. Hanft
Assistant United States Attorney
(212) 637-2334

cc:   Deputy Chief U.S. Probation Officer Thomas E. Mixon
All Counsel of Record (by ECF)
Christian Gaton (by mail)