```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-                                        02-CR-401 (KMW)

CHRISTIAN GATON,                                                 OPINION & ORDER

                Defendant.
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____7/14/21_____

KIMBA M. WOOD, United States District Judge:

Defendant Christian Gaton has moved to reduce his sentence pursuant to the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. For the reasons that follow, Gaton's motion is DENIED.

## BACKGROUND

On November 6, 1994, Gaton murdered Celeste Suazo with an assault weapon. (Gov't Opp'n at 1, ECF No. 231.) The murder was committed at the behest of a drug trafficking organization headed by Elvis Espinosa, who wanted Suazo dead so that the organization could take over a "selling spot" that Suazo controlled. (*Id.*)

On July 16, 2009, Gaton pled guilty to using, carrying, possessing, and discharging a firearm and aiding and abetting such conduct during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(j)(1). (*Id.* at 2.) On June 29, 2011, Gaton was sentenced to 405 months' imprisonment, to be followed by five years of supervised release. (*Id.*) Gaton is currently incarcerated at FCI Oakdale II, and his projected release date is July 10, 2034. (*See id.* at 2-3, 8.)

On June 15, 2021, Gaton filed the instant motion for compassionate release, based on the COVID-19 pandemic. (Mot. at 1, ECF No. 228.) On July 2, 2021, the Government filed its opposition.

**LEGAL STANDARD**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

In determining whether to grant a motion for compassionate release, courts also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the Section 3553(a) sentencing considerations outweigh those reasons. *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

**DISCUSSION**

For three independent reasons, Gaton's motion is denied. First, Gaton has not demonstrated that he has exhausted his administrative remedies. Second, Gaton has not shown the existence of extraordinary and compelling reasons that warrant compassionate release. Third, consideration of the sentencing factors weighs against compassionate release.

### I. Exhaustion

Gaton states that, in August 2020, he filed a request for compassionate release with Warden at FCI Oakdale II, who allegedly denied the request in September 2020. (Mot. at 15.) No response is attached, however, to Gaton's motion papers. In addition, the Government represents that neither the BOP nor FCI Oakdale II has any documented receipt of a request from Gaton. (Gov't Opp'n at 4.) Accordingly, the Court is not persuaded that Gaton has exhausted his administrative remedies, and the Court will not excuse that statutory requirement. *See United States v. Roberts*, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) (Furman, J.) (discussing the exhaustion requirement in Section 3582(c)(1)(A)).

### II. Extraordinary and Compelling Reasons

Even if Gaton had exhausted his administrative remedies, the motion must be denied because he has not demonstrated the existence of extraordinary and compelling circumstances warranting release. *See* 18 U.S.C. § 3582(c)(1)(A).

Gaton argues that he filed the instant motion primarily because individuals with serious heart conditions are at higher risk of severe illness from COVID-19, and he has developed a cardiac arrhythmia. (*See* Mot. at 1, 7.) In addition, Gaton alleges that he suffers from several other health conditions, including allergic rhinitis, back pain, and hypertension. (*See id.* at 1.)

As the Government points out, Gaton's medical records do not support a finding that he has cardiac arrhythmia. (*See* Gov't Opp'n at 7; *see also id.* Exs. C, D.) As for the remaining conditions raised in the motion, only hypertension has been recognized by the Centers for Disease Control and Prevention as potentially increasing an individual's risk of serious illness from COVID-19. (*See id.* at 7.) Moreover, any risk that Gaton may face is significantly reduced by the fact that he has both recovered from a previous COVID-19 infection and received a vaccination. (*See id.* at 7; *United States v. Mateus*, 2020 WL 5096062, at *4 (S.D.N.Y. Aug.

28, 2020) (Failla, J.).)

Gaton argues further that he has rehabilitated during his period of incarceration. (Mot. at 16.) Although Gaton's completion of courses and his religious activities are commendable, rehabilitation alone cannot constitute an extraordinary and compelling reason warranting release. *See* 28 U.S.C. § 994(t); *Brooker*, 976 F.3d at 237-38.

### III.   Sentencing Factors

Finally, even if Gaton had demonstrated the existence of extraordinary and compelling reasons for release, consideration of the Section 3553(a) sentencing factors would militate against release. *See* 18 U.S.C. § 3553(a).

As the Court stated at sentencing, Gaton's crimes were "very, very grave." (Sent. Tr. at 21, Gov't Opp'n Ex. B.) He gunned down a mother of three, in cold blood, for the prospect of entering a drug conspiracy. (*See id.*) Granting a sentence reduction at this stage, with more than thirteen years remaining in Gaton's sentence, would not adequately reflect the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a). A reduction also would undermine the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law. *See id.* § 3553(b)(2)(a).

### CONCLUSION

For the foregoing reasons, Gaton's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 228, and to mail a copy of this Opinion & Order to Gaton.

SO ORDERED.

Dated: New York, New York
       July 14, 2021                                      /s/ Kimba M. Wood
                                                         KIMBA M. WOOD
                                                         United States District Judge