SEQ CHAPTER \h \r 1USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 27, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA

      v.

CHRISTIAN GATON,

                Defendant.

----------------------------------------------------------X

02-CR-401 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Christian Gaton, proceeding *pro se*, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Def.'s Mot., ECF No. 236.)  The Government opposes Gaton's motion.  (Gov't Opp'n, ECF No. 239.)  For the reasons set forth below, Gaton's motion for compassionate release is DENIED.

**BACKGROUND**

The Court assumes familiarity with the facts of this case because they are detailed in its decision denying Gaton's first motion for compassionate release.  (*See* July 14, 2021 Op. & Order, ECF No. 232 at 1.)  As relevant here, on November 6, 1994, Gaton murdered Celeste Suazo, a mother of three children, by shooting her at least 17 times with a Tec-9 semiautomatic assault weapon. (Gov't Opp'n, at 1.) Gaton carried out this murder on behalf of Elvis Espinosa, the head of a drug trafficking organization who wanted a "selling spot" that Suazo controlled. (*Id.*)

On July 16, 2009, Gaton pled guilty to using, carrying, possessing, and discharging a firearm and aiding and abetting such conduct during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(j)(1). On June 29, 2011, this Court

sentenced Gaton to 405 months' imprisonment to be followed by five years of supervised release. Gaton is currently incarcerated at FCI Oakdale II, located in Oakdale, Louisiana. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 20, 2026). His projected release date is July 10, 2034.

On July 15, 2025, Gaton filed this instant motion, and the Government filed their opposition on August 12, 2025. On August 28, 2025, Gaton filed his reply.[1]

## LEGAL STANDARD

Under Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction."[2] *Id.* Third, the Section 3553(a) sentencing factors must support early release. *Id.*

## DISCUSSION

Gaton has failed to both: (1) articulate extraordinary and compelling reasons for his release; and (2) show how a balancing of the § 3553(a) factors would support his release. As discussed more fully below, none of the myriad reasons that Gaton presents constitutes an

---

[1] Gaton's supplemental briefing and the Government's response thereto are dealt with in a separate Opinion and Order.

[2] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is now controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.

extraordinary and compelling reason for his release: the reasons he cites are either inapplicable to his case or do not satisfy the requirements of § 1B1.13. And, as in 2021, the §3553(a) factors still do not support Gaton's release.

### I.       Gaton's Motion is Properly Before the Court

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  As part of his motion, Gaton attaches a letter from the Complex Warden of FCI Oakdale denying his request for a sentence reduction under 18 U.S.C. § 3582.  (Def.'s Mot., Ex. B.)  Thus, Gaton has exhausted his administrative remedies, and his motion is properly before the Court.

### II.      Gaton Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

In his motion, Gaton raises several grounds that he argues constitute extraordinary and compelling reasons for his release. Specifically, Gaton identifies: (1) changes in the law that would lead to him having a different criminal history score were he sentenced today; (2) his young age at the time of the murder; (3) the conditions at the detention facilities at which he was serving his sentence; (4) his medical conditions; and (5) his rehabilitation efforts. (Def.'s Mot., at 4-18.) The Court considers these arguments in turn.

### A.      The Changes in the Law Gaton Cites Do Not Qualify as Extraordinary and Compelling Reasons for Release

Gaton asserts that he would be subject to a lower sentencing range if he were sentenced today due to "recent changes to the U.S. Sentencing Guidelines [that] would significantly alter" his Criminal History Category[.]" (Def.'s Mot., at 4.) He maintains that such changes—namely

Amendment 821, Part A—qualify him for a lower sentence because his "previous state conviction would no longer qualify under the updated Guidelines." (*Id.* at 5.) Although Gaton received two criminal history points for a prior conviction, these points were assessed because of his conviction for a separate state-level firearms felony, not because he committed the instant offense while under a criminal justice sentence. (Gov't Opp'n, at 5 (citing PSR ¶ 43)).  Because Part A of Amendment 821 is limited to points given to defendants who "committed the instant offense while under any criminal justice sentence[,]" Gaton is, therefore, ineligible for a reduction under this part of the amendment. *United States v. Ramos*, No. 03-CR-0724, 2025 WL 2161297, at *1 (S.D.N.Y. July 30, 2025) (Preska, J.) (denying a *pro se* defendant's motion for compassionate release because the application of Amendment 821 did not change his criminal history category) (quoting U.S.S.G. § 1B1.10 App. Note 7).

> **B.    Gaton's Age at the Time of the Murder is Not an Extraordinary and Compelling Reason for Release**

Gaton is similarly ineligible for a reduction due to his youthful age at the time of the offense. First, the Court already considered Gaton's age at the time of the offense when it sentenced him. (Sent. Tr., ECF No. 231-2, at 5, 20.) A compassionate release motion is "not an opportunity to second guess or reconsider the sentencing court's original decision[.]" *United States v. Hoti*, No. 15-CR-651, 2026 WL 670175, at *2 (S.D.N.Y. Mar. 10, 2026) (Swain, C.J.) (denying a *pro se* defendant's motion for compassionate release because—*inter alia*—Amendment 829 was not applicable and the court already considered his age at sentencing) (quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order)) (internal quotation marks omitted).

Second, Gaton's argument that Amendment 829[3] justifies reducing his sentencing is similarly unpersuasive. Although Amendment 829 states that "a downward departure may be warranted due to the defendant's youthfulness at the time of the offense," U.S.S.G., App. C, amend. 829[4], several courts have already held that "Amendment 829 is not retroactive and thus does not authorize a sentence reduction." *Hoti*, 2026 WL 670175, at *2 (collecting cases).

Last, Gaton's young age at the time of the offense does not qualify as a standalone extraordinary or compelling circumstance under 1B1.13(b)(5). *Id.* (citing *United States v. Delvalle*, No. 17-CR-0314, 2024 WL 3934989, at *4 (S.D.N.Y. Aug. 23, 2024) (Marrero, J.))

### C. The Confinement Conditions Gaton Experienced Did Not Constitute an Extraordinary and Compelling Reason for Release

The prison conditions Gaton experienced are not extraordinary and compelling because they are generally experienced by inmates nationwide. *United States v. Farmer*, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) (Swain, C.J.) ("[G]eneralized statements about the conditions of confinement do not constitute [extraordinary and] compelling reasons for compassionate release."); *United States v. Stewart*, 2024 WL 5046927, at *2 (S.D.N.Y. Dec. 9, 2024) (Seibel, J.). Moreover, Gaton's complaints about conditions at the Metropolitan Detention Center are unpersuasive because he is no longer housed there and fails to demonstrate how the BOP is neglecting to manage any resulting medical conditions that stem from his time there.

---

[3] Gaton identifies Amendment 832 as the provision authorizing his claims. But that amendment does not apply to youthful offenders. The Court, therefore, construes Gaton's application as made pursuant to Amendment 829, which deals with considerations of a young person's age at the time of the offense.

[4] Amendment 836, which, as of November 1, 2025, superseded Amendment 829 and Section 5H1.1, and consequently deleted Section 5H1.1. *United States v. Cummings*, No. 12-CR-0031, 2025 WL 3239812, at *2 (S.D.N.Y. Nov. 20, 2025).

**D.** **Gaton's Medical Conditions Do Not Rise to the Level of Extraordinary and Compelling Reasons for Release**

Gaton argues that his medical conditions constitute extraordinary and compelling reasons that justify modification of his sentence because: (1) he suffers from myriad medical conditions like lung complications, heart failure, high blood pressure, chronic arthritis, and mental health disorders and (2) the BOP has failed to provide adequate care for those conditions. (Def.'s Mot., at 12-13.)

As relevant here, Section 1B1.13 defines extraordinary and compelling medical conditions to include either: (1) a terminal illness; (2) a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; or (3) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1).

Gaton has failed to supply any proof demonstrating that his medical conditions meet any of the above-mentioned categories. The only exhibit Gaton includes for his discussion about his medical conditions is Exhibit C, which refers the Court back to the medical documents Gaton submitted, and this Court considered, with his previous motion for compassionate release. (Def.'s Mot., Ex. C.) After a review of those medical records, the Court concludes, therefore, that there are no new developments in Gaton's medical conditions that might constitute extraordinary and compelling reasons for release.

Gaton does not articulate how the BOP is failing to manage or treat his alleged conditions, either. For each of the conditions Gaton lists, he either explicitly mentions, or

suggests, how the BOP is managing it, either with medication or other resources. (Def.'s Mot at 11-12.) Gaton's generalized allegations of inadequate care for medical conditions do not suffice to show that the BOP is failing to attend to his medical conditions. Thus, Gaton has failed to show that his medical conditions rise to the level of extraordinary and compelling circumstances. *Hoti*, 2026 WL 670175, at *3 (denying a *pro se* defendant's motion for compassionate release where he failed to provide any evidence substantiating his medical conditions).

> **E.      Rehabilitation Alone is Not an Extraordinary and Compelling Reason for Release**

Gaton also argues that his rehabilitation constitutes an extraordinary and compelling reason.  (Def.'s Mot. at 9.)  But 28 U.S.C. § 994(t) states that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).  Although the Court commends Gaton for his beneficial activities while in prison, that conduct is not extraordinary and compelling, either on its own or in combination with Gaton's other arguments.

> **III.      The Section 3553(a) Factors Weigh Against Release**

Even if Gaton could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the Section 3553(a) factors do not support his release.  As the Court reiterated in denying Gaton's first motion for compassionate release, "Gaton's crimes were very, very grave." (July 14, 2021 Op. and Order (quoting Sent. Tr. at 21.)) (internal quotation marks omitted). The Court maintains its view—as it did then—that the severity of Gaton's offense warrants the sentence he received.  Moreover, a sentence reduction would not "promote respect for the law [and] provide just punishment for the offense."  18 U.S.C. 3553(a).

**CONCLUSION**

For the foregoing reasons, Gaton's motion for compassionate release under Section

3582(c)(1)(A) is DENIED.  The Clerk of Court is respectfully directed to close the pending

motion at ECF No. 236 and mail a copy of this Opinion and Order to Gaton.

SO ORDERED.

Dated: New York, New York
      April 27, 2026

                                               */s/ Kimba M. Wood*
                                               KIMBA M. WOOD
                                    United States District Judge